No. 23-2194

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

GENBIOPRO, INC.,
          *Plaintiff-Appellant*,

v.

KRISTINA RAYNES, *in her official capacity as
Prosecuting Attorney of Putnam County*, AND PATRICK MORRISEY,
*in his official capacity as Attorney General of West Virginia*,
          *Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of West Virginia (Huntington),
No. 3:23-cv-00058, Hon. Robert C. Chambers

## GENBIOPRO'S MOTION TO EXTEND THE TIME
## TO PETITION FOR REHEARING AND REHEARING EN BANC

Skye L. Perryman
Carrie Y. Flaxman
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
sperryman@democracyforward.org

John P. Elwood
Daphne O'Connor
Robert J. Katerberg
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5000
john.elwood@arnoldporter.com

David C. Frederick
Ariela M. Migdal
Derek C. Reinbold
Eliana Margo Pfeffer
Mary Charlotte Y. Carroll
Abigail E. DeHart
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com

          *Counsel for GenBioPro, Inc.*

July 24, 2025

Plaintiff-Appellant GenBioPro, Inc. moves under Federal Rule of Appellate Procedure 26(b) and Fourth Circuit Local Rule 40(c) for a 30-day extension to petition for rehearing and rehearing en banc. Good cause exists for the requested extension due to undersigned counsel's other commitments and the need to afford amici curiae sufficient time to meaningfully aid the Court's consideration of this important case, which divided the panel 2-1 on the constitutionality of West Virginia's near-total ban of mifepristone.

Counsel for the other parties to the appeal have been informed of the intended filing of this motion. Undersigned counsel could not ascertain Defendant-Appellee Patrick Morrisey's position on this motion. Defendant-Appellee Kristina Raynes opposes this motion.

**ARGUMENT**

This case presents the question whether FDA's approval and comprehensive regulation of the drug mifepristone preempts West Virginia's Unborn Child Protection Act, or UCPA, which bans abortion in almost all cases, at any stage of pregnancy. The district court determined there was no preemption. On appeal, this exceptionally important case drew amicus briefs from 24 states and dozens of

1

organizations and scholars, including North Carolina, the City of Baltimore, the American College of Obstetricians and Gynecologists, Doctors for America, economists, and historians.

The panel issued its 2-1 judgment affirming the district court on July 15, 2025. Under Federal Rule of Appellate Procedure 40(d)(1), GenBioPro's petition for rehearing and rehearing en banc is due on July 29, 2025.

The "court may extend the time prescribed" "[f]or good cause," Fed. R. App. P. 26(b), including "an extraordinary circumstance wholly beyond the control of counsel," 4th Cir. R. 40(c). Good cause exists to extend the deadline for GenBioPro to file its petition for rehearing and rehearing en banc for 30 days up to and including August 28, 2025. In support of this Motion, counsel states as follows:

    **1.** GenBioPro has not previously sought to extend this deadline.

    **2.** Good cause exists for the 30-day extension of GenBioPro's deadline to seek rehearing and rehearing en banc because undersigned lead counsel was on vacation when the panel issued its opinion and so has had limited time to draft the petition.

2

3. Good cause also exists for the requested extension because of undersigned lead counsel's other, previously engaged matters. Lead counsel's obligations include preparing post-trial briefing on July 22, 2025 in *Barnes v. Monsanto Co.*, No. 21-A-444 (Ga. St. Ct., Cobb Cty.); mediation on July 24, 2025 in *In re Samsung Electronics America, Inc.*, No. 25-1895 (3d Cir.); presenting to the U.S. Solicitor General on July 29, 2025 in *Monsanto Co. v. Durnell*, No. 24-1068 (U.S.), and on August 7 in *Parker-Hannifin Corp. v. Johnson*, No. 24-1030 (U.S.); preparing a brief for respondents on August 11, 2025 in *Hain Celestial Group v. Palmquist*, No. 24-724 (U.S.); and preparing a response brief on August 13, 2025 in *United States ex rel. Penelow v. Janssen Products, LP*, No. 25-1818 (3d Cir.).

4. The requested extension is necessary to ensure that amici curiae may participate in a manner that meaningfully contributes to the Court's consideration of whether to rehear this exceptionally important case. Both the panel majority and dissent discussed and relied on the many amicus briefs submitted at the panel stage. *See* Op. 26-27; *see also id.* at 44 (Benjamin, J., concurring in part and dissenting in part) (noting that amici had "thoughtfully explained" the many

practical "consequences of the UCPA"). Counsel for certain amici curiae who participated at the panel stage have advised undersigned counsel that they are unable to meet the current deadline of August 5, 2025,[1] for filing a brief in support of rehearing, but that they would be able to do so by an extended deadline of September 4, 2025.[2] Given the importance of this case, this represents "an extraordinary circumstance wholly beyond the control of counsel." 4th Cir. R. 40(c).

In light of these circumstances, good cause exists for a 30-day extension of the deadline for GenBioPro to petition for rehearing and rehearing en banc.

## CONCLUSION

For these reasons, GenBioPro requests that the Court extend the deadline to petition for rehearing and rehearing en banc 30 days from July 29, 2025 to August 28, 2025.

---

[1] Seven days after the current deadline of July 29, 2025. *See* Fed. R. App. P. 29(b)(5).

[2] Seven days after the requested deadline of August 28, 2025. *See id.*

4

| | |
|---|---|
| July 24, 2025 | Respectfully submitted, |
| | */s/ David C. Frederick* |
| Skye L. Perryman | David C. Frederick |
| Carrie Y. Flaxman | Ariela M. Migdal |
| DEMOCRACY FORWARD FOUNDATION | Derek C. Reinbold |
| | Eliana Margo Pfeffer |
| P.O. Box 34553 | Mary Charlotte Y. Carroll |
| Washington, D.C. 20043 | Abigail E. DeHart |
| (202) 448-9090 | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. |
| sperryman@democracyforward.org | |
| cflaxman@democracyforward.org | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| John P. Elwood | (202) 326-7900 |
| Daphne O'Connor | dfrederick@kellogghansen.com |
| Robert J. Katerberg | amigdal@kellogghansen.com |
| ARNOLD & PORTER KAYE SCHOLER LLP | dreinbold@kellogghansen.com |
| | epfeffer@kellogghansen.com |
| 601 Massachusetts Avenue, N.W. | mcarroll@kellogghansen.com |
| Washington, D.C. 20001 | adehart@kellogghansen.com |
| (202) 942-5000 | |
| john.elwood@arnoldporter.com | |
| daphne.oconnor@arnoldporter.com | |
| robert.katerberg@arnoldporter.com | |

*Counsel for GenBioPro, Inc.*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 23-2194   Caption: GenBioPro, Inc. v. Kristina Raynes et al.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

> **Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

> **Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

> **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6). Sans-serif type, such as Arial, may not be used except in captions and headings.

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains __713__ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 [*identify word processing program*] in 14 point, Century Schoolbook [*identify font, size, and type style*];

**or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font, size, and type style*].

**NOTE:** The Court's preferred typefaces are Times New Roman, Century Schoolbook, and Georgia. The Court discourages the use of Garamond.

(s) David C. Frederick

Party Name GenBioPro, Inc          Date: July 24, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ David C. Frederick*
David C. Frederick
